CHARLES BROOKS, Appellant-Appellee, *v.* DEPARTMENT OF LABOR AND INDUSTRIAL RELATIONS; JOSHUA C. AGSALUD, Director of the Department of Labor and Industrial Relations; COUNTY OF MAUI, Appellees-Appellants

NO. 10090

CIVIL NO. 6328(2)

JUNE 28, 1985

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI JJ.

OPINION OF THE COURT BY HAYASHI, J.

This is an appeal involving the award of unemployment insurance benefits to claimant, Charles Brooks. For the reasons stated below, we affirm the decision of the circuit court.

I.

Brooks held two jobs before becoming unemployed. Brooks had a full-time job as a milker for Haleakala Dairy and a part-time job as a dog warden for the County of Maui. Brooks was discharged from his part-time job because of several acts of insubordination. Thereafter, he was discharged from his full-time job because he developed an allergic reaction to the chemicals used at the dairy. Brooks filed for unemployment insurance benefits with the Department of Labor and Industrial Relations (DLIR) based on his termination from the dairy. DLIR denied benefits on the ground that Brooks' discharge for misconduct from his part-time job disqualified Brooks from receiving benefits for

his full-time job. The Referee for Employment Security Appeals affirmed DLIR's position. The referee was reversed by the circuit court. DLIR filed a timely appeal to this court.

## II.

HRS § 383-30(2) (Supp. 1984) provides that an individual shall be disqualified for benefits:

> For the week in which he has been discharged for misconduct connected with his work, and continuing until he has, subsequent to the week in which the discharge occurred, been employed for at least five consecutive weeks of employment.

DLIR argues that HRS § 383-30(2) prevents the receipt of benefits when two requirements are met: 1) the employee was discharged for misconduct connected with his or her work; and 2) the employee has not been employed for five consecutive weeks following the discharge. If these were the only requirements for denial of benefits under HRS § 383-30(2), DLIR would be correct in refusing to pay Brooks unemployment insurance benefits. However, HRS § 383-30(2) has the additional requirement that the employee be unemployed at the time of the discharge for misconduct. HRS § 383-30 *disqualifies* an individual from receiving unemployment insurance benefits. In order to be disqualified, one must have first been qualified. *See* Black's Law Dictionary 424 (5th ed. 1979) (disqualify defined as, "[t]o divest or deprive of qualifications . . . ."). One is qualified for unemployment insurance benefits, by being unemployed. HRS § 383-23 (1976). Thus, HRS § 383-30(2) does not prohibit the payments of benefits unless the claimant is unemployed as a result of discharge for misconduct.

This requirement is also supported by the legislative history to HRS § 383-30. The legislative committee reports state:

> [B]ecause the State's unemployment program was established to mitigate the effects of sudden or extended unemployment on the involuntarily unemployed, eligibility for *benefits should not be automatic for the worker who by his actions, creates his own unemployment.*

Hse. Stand. Comm. Rep. No. 776, in 1976 House Journal, at 1648 (emphasis added). The reports further state:

> The intent of the law is to pay benefits to workers who are involuntarily unemployed. Under the proposed amendment, *an individual*

*who caused his own unemployment would not draw benefits until he has amply demonstrated his attachment to the labor force by working subsequent to his voluntary unemployment.*

Sen. Stand. Comm. Rep. No. 352, in 1976 Senate Journal, at 1038 (emphasis added). Both the House and Senate reports indicate that the requirement that an individual be employed for five consecutive weeks was to insure that a person who became unemployed because of his discharge for misconduct would not get benefits. In the present case, Brooks did not become unemployed when he was discharged for misconduct. Brooks was employed at the Haleakala Dairy until he was later discharged for medical reasons. Brooks is not disqualified under HRS § 383-30(2) and is otherwise eligible for benefits. Accordingly, we affirm the circuit court's decision.

*Dwight K. Nadamoto,* Deputy Attorney General, for appellees-appellants.

*Craig Mar-Chun, (Aileen T. Chikasuye* and *Arnold Lum* with him on the brief; Legal Aid Society of Hawaii) for appellant-appellee.